(Huron Co., Court of Common Pleas.)
### JOHN WAITE v. JOHN ELLIS.

---

(1). An action in one county of this state, to enjoin the collection of a judgment rendered in another, upon the ground that the court rendering the judgment has no jurisdiction of the person of the defendant therein, may be maintained.

(2). Such action is not within the rule which forbids the collateral impeachment of judgments, but is in the nature of a direct attack upon the judgment.

---

WILDMAN, J.

In this case the petition alleges substantially that the defendant, on the 2nd day of May, 1894, in the court of common pleas of Summit county, obtained a judgment against the plaintiff in the sum of $169.89 with interest at eight per cent., and also costs. Said judgment is wholly unpaid, unsatisfied, unappealed and unreversed. An execution has been issued thereon directed to the sheriff of Huron county, Ohio, and levied upon certain real estate by said sheriff.

The petition further alleges that the judgment was entered upon a cognovit, promissory note with a warrant of attorney to confess judgment, but that said note was neither made, signed, executed nor delivered to the defendant John Ellis, or to any other person by the plaintiff, or by any one for him, and that his name was forged to said note.

The petition alleges further that no service of summons, or other notice, or process was ever had, personally or otherwise upon the plaintiff in said cause in said Summit county court of common pleas; that the said cause was begun and judgment rendered and entered against the plaintiff, without his knowledge and without his consent; nor was any attorney or person authorized either to enter this plaintiff's appearance to said cause, or to confess judgment against him therein. The plaintiff says he had no knowledge that said cause was commenced, or that the same was pending, or that said judgment had been either rendered or entered, until on or about the 15th day of February, 1896, although the petition was, in fact, filed with the clerk of said Summit county, Ohio, court of common pleas in said cause, and said judgment was rendered and entered on or about the 2nd day of May, 1894.

The plaintiff further says that there was not, at the date of the commencement of said cause, nor either at the time of rendering said judgment, and there has not since been, nor is there now, anything due to the defendant from this plaintiff upon said judgment, or in any other way.

It is further alleged in the petition that the defendant, John Ellis, threatens to enforce the collection of said judgment against this plaintiff, and to subject his property to sale for that purpose. In fact, he has already filed in this court in an action brought for the purpose and now pending, against this plaintiff, a petition setting up said judgment, execution and levy, and praying that said premises may be sold and that the proceeds of said sale may be applied to the payment of said judgment; and plaintiff says that unless restrained by this court, the defendant John Ellis, will enforce the collection of said judgment against this plaintiff.

Then he prays, upon these alleged facts, that the defendant John Ellis may be temporarily restrained, and that on the final hearing, he may be perpetually enjoined from the collection of said judgment, and that an account of the damage done may be taken and judgment awarded, and for such other relief as is equitable.

Two demurrers are filed to this petition, one general, that the petition does not state facts sufficient to constitute a cause of action; and the other, a special demurrer, upon the ground, first, that this court has no jurisdiction of the subject of the action as stated in the petition, and has no jurisdiction to grant the relief asked for in said petition; and second, that there is another action pending in this court between the same parties, for the same cause.

Considering first, the special demurrer, it is quite clear to me that this court has jurisdiction to consider the question which is raised by the petition. There is no ground

of demurrer, I think, in the statute, that the court has not jurisdiction to grant the relief asked for in said petition on the ground stated here. The action is personal in its nature, against a particular party to enjoin him from doing a certain thing, and if service has been obtained upon him in this county, the court certainly has jurisdiction of his person, and I think the court has jurisdiction of the subject matter. But it is the subject of the action that is stated in this demurrer as the thing over which, as it is claimed, the court has no jurisdiction. There is no claim that the court has not jurisdiction of the person of the defendant.

The other ground of this special demurrer, that there is another action pending in this court between the same parties and for the same cause, raises the question as to whether this entire claim made in the petition is in process of adjudication in the other case which has been begun. What is that other case, as alleged? It is that the defendant has filed in this court, in an action brought for the purpose, which is now .pending, a petition against the plaintiff setting up a judgment, execution and levy and praying that certain premises in this county may be sold and that the proceeds of said sale may be applied to the payment of said judgment.

Does that necessarily involve the broader inquiry as to whether the defendant has a right to levy upon plaintiff's property in any other county?· This court in the other pending case could determine the question so far as it affected real estate in this county, but whether it would have jurisdiction to consider the question of the validity of a judgment in another county, or of the power of the defendant to proceed to enforce the collection of his judgment by levying upon personalty elsewhere, or real estate in any other county in the state, would be a different matter.

It is claimed here that that action, however, does involve the entire inquiry, and if this petition is simply asking the court to enjoin that other proceeding, as counsel seemed to have treated the prayer of the petition here, then there would be no question that the same matters would be involved in both cases. But the prayer of this petition is broader than that; the prayer of the petition here is, that the defendant, John Ellis may be perpetually enjoined from the collection of said judgment, —not to enjoin him from the collection of said judgment at all, and in support of this prayer, it is stated in the body of the petition, that the defendant John Ellis, threatens to enforce the collection of said judgment against this plaintiff and to subject this property to sale for that purpose. .

This goes further than counsel seem to apprehend; it is more than a statement that he is seeking to sell the particular property levied upon. It is true, he says he is doing that, but I take it that he is stating that by way of illustration or evidence perhaps,· in support of his first general statement, that the defendant threatens to enforce the collection of his judgment and to subject his property to sale for that purpose ; in fact, he says, he has already filed in this court an action praying that the premises levied upon may be sold. But that is not saying that he did not intend to levy upon other property ; it is not saying that he has not levied upon other property, although there is no allegation that he has. At any rate, there is the broad, general allegation that he threatens to enforce the collection of that judgment, and the demurrer admitting all the averments of the petition, it must be taken as granted, for the purposes of the question now before me, that the defendant is intending to enforce the collection of that judgment by every legal means in his power.

It is argued with a good deal of force in support of both demurrers, that all of this matter that is set up in the petition, might have been set up as defense to the action, had the party been properly represented in court; that the judgment under such circumstances, is not void by reason of a want of jurisdiction in the court of Summit county, but that the taking of the judgment was mere error for which the judgment might be reversed in a higher court, and in support of the claim are cited authorities that in the case of a domestic judgment, that is, a judgmnet rendered in this state, and perhaps as to a judgment rendered in a sister state, where there is no jurisdiction of the person of the defendant, the judgment still cannot be attacked collaterally, although it may be impeached in a proceeding brought directly, for that purpose, either in the court where rendered, or in some other court, by the allegation that a fraud has been committed upon the court.

There is no question in my mind as to the correctness of this general proposition, and I will not stop to consider the numerous authorities which were cited in support of it. But the question is fairly raised in a recent case as to whether this is a collateral attack at all; whether it is not a direct attack upon the judgment so as to permit the party to raise the question of jurisdiction of the court. The case is that of Kingsborough v. Tousley in the 56 Ohio State Reports at page 450: 'In an action on a personal judgment, whether rendered by a court of this state or elsewhere, it is competent to plead and prove in defense, though it be in contradiction of the record, that the defendant was not served with process, nor jurisdiction of his person otherwise obtained by the court rendering the judgment.''

''Such a defense is not within the rule which forbids the collateral impeachment of judgments, but is in the nature of a direct attack upon the judgment.''

''An answer in such case is not defective because it fails to state a defense to the cause of action on which the judgment is founded.''

It was held in that case that in a suit brought in one court upon the judgment of

another, the defense set up against it that the court which had rendered judgment, had not jurisdiction, was not a collateral attack upon the judgment, but a direct impeachment of it.

That is not precisely the case here, but there is certain language in the reasoning of Judge Williams who speaks for the court, which I think is pertinent and is broad enough to affect the case at bar. On page 458, recognizing the principle that judgments can not be collaterally attacked for lack of jurisdiction, he says: "A direct attack on a judgment has been defined to be one by which the judgment is directly assailed in some mode authorized by law; while a collateral attack is an attempt to defeat the operation of a judgment, in a proceeding where some new right derived from or through the judgment is involved. The rules of law applicable to these different methods of attack are based on substantial reasons which serve to make more apparent the real distinction between them. The rule which forbids the collateral impeachment of judgments is founded on those considerations of public policy which require stability of judicial records for the protection of those who acquire rights and property in reliance upon their conclusive effect, and for the peace of society; and, as said by Read, J., in Boswell v. Sharp, 15 Ohio, 447, 465, seems to have been adopted from right and necessity, to give confidence to the judicial action of the country, and protect those who have made purchases on the faith of judicial sales. It is obvious", continues Judge Williams, "these reasons find no just application in an action brought upon the judgment, in which the only relief sought is a new recovery on it, as a debt of record; and where no rights of third persons have intervened, or are involved."

It will be noted further, without stopping to read from this page, that he dwells upon the idea that the primary reason for forbidding the collateral assailing of the judgments for want of jurisdiction is its effect upon the rights of third persons, which have intervened; and I see no reason, where no new right has intervened, where, as in this case, the original creditor, the plaintiff in the suit to obtain the judgment, is simply seeking to enforce it, and the defendant in that case, the plaintiff here, is seeking to restrain that enforcement by the chancery power of the court because of the wrong that would be done, if it should be enforced,—I say, I see no reason why the principle that is discussed here and suggested by the court as the true criterion, does not apply. And on page 461 of the same case. Judge Williams says: "And where the judgment was obtained without jurisdiction of the party, he was not required to tender a valid defense to the cause of action on which the judgment was rendered, in order to obtain relief against it."

In this case, he does tender a valid defense in that he says the note was a forgery, that there was nothing whatever due from

him even upon the note whether in judgment or not; in other words, the allegation he makes here in his petition would constitute a valid defense against the note, if suit were instituted upon it.

Continuing, Judge Williams says: "The practice in chancery in such cases, is sufficiently shown by the case of Ridgeway v. Bank, supra, which was a suit to enjoin the collection of a judgment the record of which showed the defendant therein was duly served with process, and was otherwise regular on its face. The bill to enjoin, alleged that the complainant was not summoned and the judgment was rendered without notice to him. The court said: 'In the first place, it is very evident that if the party was not summoned, and did not appear in the suit at law, the court had no jurisdiction of his person, and its judgment against him, would be, for that reason, merely void. This principle is founded in natural justice, and is universal in applica tion."

Judge Williams cites other cases in support of the proposition, and then continues: "A judgment thus obtained, without notice, or defense, and without a day in court to make defense, is an injury to the rights of the party for which he should not be without remedy. Now, in the present case, this principle should apply with the greatest force because the judgment in question is to be considered as void, by reason of an extrinsic fact, which cannot be averred or be made to appear in a court of law, and a court of law has not, therefore, any power to arrest its execution however unjust or iniquitous. Nor is it material in such case to inquire whether the defendant could have made any valid defense if he had been summoned. The injury of which he justly complains is that a judgment was rendered against him without notice and without defense. We cannot doubt but that in the view of a court of equity, it is unjust and unconscientious to attempt to enforce a judgment so obtained."

"The equitable remedy was not taken away by those statutory provisions authorizing an application to the court in which the judgment was rendered, to vacate or modify the judgment; nor was it abrogated by any provision of the code."

Now, these cases which are cited here in which the court by its chancery power did intervene to prevent the enforcement of the judgment which it held to be void by reason of a lack of jurisdiction, are cited approvingly by Judge Williams as a part of his consideration of the case; and, although the case which he was deciding was an action or suit directly upon a judgment to obtain another judgment, and the matter of lack of jurisdiction in the court to render the original judgment, was interposed by way of defense in that suit, still he treats the principle as like that in the case which he cites from Humphrey's Reports, in which the suit was one to obtain an injunction to restrain the collection a void judgment,

just as here, and he emphatically, and apparently deliberately uses the term that the judgment is void, instead of voidable, as he might have said. If it is void, it is nothing that a person can stand, or rely upon for any purpose whatever. It may be attacked directly by one of the parties to it in a suit against the other party to it wherein there has been no sale of the property, or any property taken by levy upon execution under it, and where no rights of third parties have intervened by way of purchase or otherwise. I think this demurrer will have to be overruled.

F. A. Gunsaullus, for plaintiff.
S. Culp, for defendant.